## SECOND OMNIBUS LEASE AMENDMENT AGREEMENT

"**AGREEMENT**", made as of this _8th_ day of June, 2023, by and between Allen/Orchard, LLC c/o S&H Equities, 98 Cutter Mill Road, Great Neck, New York 11021 (referred to herein as "Landlord"), Kenrock Enterprises, LLC, having an address of 192-196 Allen Street, New York, New York (referred to herein as "Kenrock"), and Rockwood Music Corp., also having an address of 192-196 Allen Street, New York, New York (referred to herein as "Rockwood") (together, the "Parties").

## W I T N E S S E T H

**WHEREAS,** as reflected in the Floor Plan, a copy of which is attached as *Exhibit "A"*, Landlord is the owner of the property and improvements thereon known as and located at 190-192 Allen Street, New York, New York including Stores "A" and "B" and portions of the cellar (as indicated in the Floor Plan), which are currently occupied by Kenrock (the "Kenrock Premises"); and

**WHEREAS,** Landlord is also the owner of the property and improvements thereon known as and located at 196 Allen Street, New York, New York including Stores "C" and "D" (as indicated in the Floor Plan) and a portion of the cellar which are currently occupied by Rockwood (the "Rockwood Premises"); and

**WHEREAS,** in or about June 6, 2008, Landlord and Kenrock entered into an Agreement of Lease for the Kenrock Premises, which was amended by a Lease Agreement dated October 10, 2011 (the "First Lease Agreement"), a Second Lease Agreement dated June 2016 (the "Second Lease Agreement), and subsequently amended by an Omnibus Agreement dated May 1, 2021 (the "Omnibus Agreement") (hereinafter, the initial Lease, the First Lease Agreement, the Second Lease Agreement and the Omnibus Agreement shall collectively be referred to as the "Kenrock Lease"); and

**WHEREAS,** in or about December 2005, Landlord and Rockwood had entered into an Agreement of Lease for the Rockwood Premises, which was amended by Lease Amendments dated June 6, 2008 and October 17, 2011 and by the Omnibus Agreement (hereinafter collectively referred to as the "Rockwood Lease").

**WHEREAS,** the Rockwood Premises and the Kenrock Premises are internally combined within one global space area; and

**WHEREAS,** it is acknowledged and agreed that as of April 30, 2023, Rockwood is in default in the payment of $793,972.02 in Fixed Rent and Additional Rent, as those terms are defined in the Rockwood Lease ("Rockwood Arrears"); and

**WHEREAS,** Landlord is holding $22,000.00 in security under the Rockwood Lease; and

**WHEREAS**, it is acknowledged and agreed that as of April 30, 2023, Kenrock is in default in the payment of $1,645,196.05 in Fixed Rent and Additional Rent, as those terms are defined in the Kenrock Lease ("Kenrock Arrears"); and

**WHEREAS**, Landlord is holding $120,000.00 in security under the Kenrock Lease; and

**WHEREAS**, on February 8, 2023 the Landlord had served upon both Rockwood and Kenrock 14-day demands for rent; and

**WHEREAS**, on February 9, 2023 Rockwood and Kenrock each filed for Chapter 11 Bankruptcy protection in the Southern District of New York entitled *In Re Rockwood Music Corporation*, Case No. 23-10198 and *In Re Kenrock Enterprises*, LLC, Case No. 23-10197 (collectively, the "Bankruptcy Proceedings"); and

**WHEREAS**, on March 29, 2023, the Bankruptcy Court signed two Orders vacating the automatic stays with respect to the Kenrock Premises and with respect to the Rockwood Premises; and

**WHEREAS**, Kenrock has requested that the Landlord accept a surrender of that portion of the Kenwood Premises, designated on the Floor Plan as "Store A" including the street level, mezzanine and cellar space; and

**WHEREAS**, Rockwood and Kenrock have each requested a reduction in their respective Fixed Rent, as that term is defined in the two Lease Agreements of their respective premises.

**NOW, THEREFORE**, in consideration of the mutual covenants and agreements hereinafter set forth, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto covenant and agree and follows:

1. **Incorporation of Recitals**: The above recitals to this Second Omnibus Lease Agreement (hereinafter, "Agreement") are incorporated herein and shall constitute a part of this Agreement.

2. **Estoppel:** Landlord and Tenant each represents and warrants that as of the date hereof, the Rockwood Lease and the Kenrock Leases are in default in the amounts set forth above which defaults are continuing from month to month.

3. **Surrender of a Portion of the Kenrock Premises:** As hereinafter provided and conditioned upon the express and strict adherence to the terms and conditions set forth below, the Parties agree to the following settlement terms and conditions:

(a)     Effective as of June ____, 2023 (the "Surrender Date") and subject to confirmation by the Bankruptcy Court, Kenrock shall surrender Store "A" to the Landlord;

(b)     To effectuate the surrender, the Landlord shall close the wall opening between the Store "A" and Store "B" as well as close the wall opening in the cellar space between Store "A" and Store "B" first on a temporary basis and once permits are obtained, if necessary, on a permanent basis. The Landlord shall perform such work at its own cost, commencing as of the Surrender Date (the "Landlord's Work"). The Landlord Work shall not impact the Certificate of Occupancy of the building and/or the Kenrock Premises;

(c)     Upon the Surrender Date, Store "A" must be delivered to the Landlord "broom clean" and in a "white-box" condition, and Kenrock, at Kenrock's expense, shall install a temporary ramp for wheelchair access to Store "B";

(d)     Upon the Surrender Date, Kenrock and Rockwood must remove all of their furniture and other personalty from Store "A". Any personal property remaining in the premises following Bankruptcy Court approval hereof shall be deemed abandoned to the Landlord, allowing Landlord to immediately and without further notice to anyone dispose of and discard same at its discretion. Any and all costs and expenses associated with Landlord's disposal of such property shall be paid by Kenrock and Rockwood, jointly and severally, as "Additional Rent"; and

(e)     Upon the Surrender Date, Kenrock shall deliver to the Landlord a fully executed Surrender Notice surrendering Store "A" in the form annexed hereto at *Exhibit "B"*, however, the efficacy of said Surrender Notice shall be subject to Bankruptcy Court approval; and

(f)     On or before July 30, 2023, Kenrock must pay to the Landlord the sum of $178,750.00 by certified or official bank check or wire transfer.

4.     **Kenrock Lease Amendments:** Upon: (i) satisfaction of the obligations set forth in Paragraph 3 above; (ii) full and complete compliance with all of the terms and conditions of this Agreement (including payment of the April and May 2023 Base Rent and Additional Rent as set forth below by June 9, 2023, with June rent to be paid by June 30, 2023) and (iii) this Agreement being approved by the Bankruptcy Court, then, and only then, Landlord agrees as follows:

(a)     To amend the Fixed Rent and Real Estate Tax under Kenrock Lease as follows:

| Period | Annual Fixed Base Rent | Monthly Fixed Base Rent |
|---|---|---|
| 4/1/2023 – 3/31/2023 | $214,500.00 | $17,875.00 |
| 4/1/2024 – 3/31/2025 | $220,995.00 | $18,416.25 |
| 4/1/2025 – 3/31/2026 | $227,564.28 | $18,963.69 |
| 4/1/2026 – 3/31/2027 | $234,389.94 | $19,532.50 |
| 4/1/2027 - 3/31/2028 | $241,421.64 | $20,118.47 |
| 4/1/2028 – 3/31/2029 | $248,664.29 | $20,722.02 |
| 4/1/2029 – 3/31/2030 | $256,124.22 | $21,343.68 |
| 4/1/2030 – 4/30/2031 | $263,807.94 | $21,984.00 |

(b)     To amend paragraph 49(G) of the Kenrock Lease to read as follows: "'Tenant's Proportionate Share' is twenty-five (25%) percent."

(c)     Upon full and timely payment of Base Rent and Additional Rent to the Landlord through June 30, 2026, the balance of the Kenrock Arrears in the amount of $1,466,396.05 ($1,645,146.05 - $178,750.00) will be deemed waived.

(d)     If Kenrock defaults in the payments set forth in paragraphs "3" and "4" herein (after ten (10) days written notice with an opportunity to cure) during the period April 1, 2023 through June 30, 2026 only, then the Kenrock Arrears shall immediately become due, and Kenrock agrees that it shall immediately vacate the Kenrock Premises upon service to Kenrock's counsel at knash@gwfglaw.com of a ten day (10) written notice. Kenrock agrees to waive all defenses to the surrender and vacatur of the Kenrock Premises and further agrees that the Landlord, at and in its sole discretion, may immediately change the locks to the Kenrock Premises to the extent permitted by applicable law. The Kenrock Arrears are forever waived on July 1, 2026 provided the conditions set forth in paragraphs "3" and "4" are complied with.

5.     **Rockwood Lease Amendments:** On condition (i) on or before July 30, 2023 Rockwood pays to Landlord the sum of $96,250.00 by certified or official bank check or wire transfer, (ii) full and complete compliance with all of the terms of this Agreement plus payment of the April, May and June, 2023 Base Rent and Additional Rent set forth below by June 30, 2023, and (iii) this Agreement being approved by the Bankruptcy Court, then, and only then, Landlord agrees as follows:

(a)     to amend the Fixed Rent under Rockwood Lease as follows:

| Period | Annual Fixed Base Rent | Monthly Fixed Base Rent |
|---|---|---|
| 4/1/2023 – 3/31/2023 | $115,500.00 | $9,625.00 |
| 4/1/2024 – 3/31/2025 | $118,965.00 | $9,913.75 |
| 4/1/2025 – 3/31/2026 | $122,533.92 | $10,211.16 |
| 4/1/2026 – 3/31/2027 | $126,209.97 | $10,517.50 |
| 4/1/2027 - 3/31/2028 | $129,996.27 | $10,883.02 |

| Period | Annual Fixed Base Rent | Monthly Fixed Base Rent |
|---|---|---|
| 4/1/2028 – 3/31/2029 | $133,896.16 | $11,158.01 |
| 4/1/2029 – 3/31/2030 | $137,913.04 | $11,837.54 |
| 4/1/2030 – 4/30/2031 | $146,311.94 | $12,192.66 |

(a)    Upon full and timely payment of Base Rent and Additional Rent to the Landlord through June 30, 2026, the balance of the Rockwood Arrears in the amount of $697,722.02 ($793,972.02 - $96,250.00) will be deemed waived.

(e)    In the event Rockwood defaults in the payments set forth in paragraph 5(a) above (after ten (10) days written notice with an opportunity to cure) during the period April 1, 2023 through March 31, 2026 only, then the Rockwood Arrears shall immediately become due, and Rockwood agrees that it shall immediately vacate the Rockwood Premises upon service to Rockwood's counsel at knash@gwfglaw.com of a ten day (10) written notice of default. Rockwood agrees to waive all defenses to the surrender and vacatur of the Rockwood Premises and further agrees that the Landlord, at and in its sole discretion, may immediately change the locks to the Rockwood Premises to the extent permitted by applicable law.  The Rockwood Arrears are forever waived on July 1, 2026, provided the conditions set forth in paragraphs "3" and "4" are complied with.

6.    **The Non-Payment Proceedings**: Simultaneous to the execution of this Agreement, Rockwood and Kenrock shall execute Stipulations of Settlement, in the forms annexed hereto as *Exhibits "C" and "D"*, in conjunction with Summary Non-Payment proceedings to be commenced in which Rockwood and Kenrock respectively consent to the entry of Final Judgments of Possession, and the issuance of Warrants of Eviction. Counsel for Rockwood and Kenrock agree to accept service of the Notices of Petition and Petitions via email at knash@gwfglaw.com and further agree to acknowledge receipt of such Notices by execution of "Acknowledgments of Service", failure of which shall be deemed to be a default under this Agreement.

7.    **Confession of Judgment:** As a material term of this Agreement and a substantial inducement to Landlord in entering this Agreement, it is expressly agreed that Ken Rockwood, the guarantor of the Kenrock and Rockwood Leases, shall individually enter into a Confession of Judgment for the sum of $302,500.00 representing the $275,000.00 payment required under this Agreement, plus Fixed Rent for July 2023. Ken Rockwood ("Guarantor") shall execute an Affidavit of Confession of Judgment simultaneous to this Agreement in the form annexed hereto at *Exhibit "E "* to be held in escrow by Escrow Agent (defined below). In the event: (a) Kenwood fails to pay to Landlord $178,750.00 on or before July 30, 2023 as per the terms of this Agreement; (b) Rockwood fails to pay to Landlord $96,250.00 on or before July 30, 2023 as per the terms of this Agreement; (c) Kenrock fails to surrender Store "A" to Landlord on or before the Surrender Date; or (d) either Kenrock or Rockwood fails to timely pay Fixed Rent or

Additional Rent for the period June 1, 2023 through July 30, 2023, Escrow Agent may release the Affidavit of Confession of Judgment being held without further notice to Kenrock or Rockwood, or Ken Rockwood.

The Affidavit of Confession of Judgment shall be held in escrow with Landlord's attorneys, Cornicello, Tendler & Baumel-Cornicello LLP (the "Escrow Agent") pending Kenrock and Rockwood's compliance with the terms of this Agreement through July 30, 2026. The parties to this Agreement acknowledge that the duties of Escrow Agent are purely ministerial and in the event of a dispute between the parties concerning whether the Affidavit of Confession of Judgment should be released out of escrow, it is agreed that Cornicello, Tendler & Baumel-Cornicello, LLP may continue to represent Landlord. Escrow Agent may act upon any writing believed by it in good faith to be genuine and to be signed and presented by the proper person and shall not be liable in connection with the performance of any duties imposed on it by this Agreement except for Escrow Agent's own willful default or gross negligence. In the event there is a dispute between the parties as to whether Escrow Agent should release the Affidavit of Confession of Judgment out of escrow, Escrow Agent is permitted to hold the Affidavit of Confession of Judgment pending a court order or stipulation between the parties, directing Escrow Agent to release the Affidavit. If Escrow Agent receives an objection to the release of the Affidavit of Confession of Judgment, then Escrow Agent shall continue to hold the Affidavit and thereafter deliver it to the Party entitled when Escrow Agent receives (a) a notice from the objecting Party withdrawing the objection, or (b) a notice signed by both Parties directing disposition of the Affidavit or (c) a judgment or order of a court of competent jurisdiction. The parties agree jointly to defend (by attorneys selected by Escrow Agent), indemnify and hold harmless Escrow Agent against and from any claim, judgment, loss, liability, cost, or expense resulting from any dispute or litigation arising out of or concerning Escrow Agent's duties or services hereunder. This indemnity includes, without limitation, disbursements and reasonable attorneys' fees either paid to retain attorneys or representing the fair value of legal services rendered by Escrow Agent to itself. At the conclusion of such dispute or litigation, in the event there is a prevailing party, such party will be entitled to its reasonable legal fees and reimbursement from the non-prevailing party of legal fees paid in defense of Escrow Agent. Notice pursuant to this provision shall be sent to Escrow Agent at c/o Susan Baumel-Cornicello, 29 Broadway, 25th Floor, New York, New York 10006 by overnight carrier and by email to scornicello@ctbclaw.com and to Kenrock and Rockwood Kevin Nash by email to knash@gwfglaw.com. If no defaults occur prior to July 30, 2026, the Confession shall be returned to Ken Rockwood by delivery of the Confession to his attorney, Kevin Nash.

8.    <u>**Security Deposit**</u>: All security deposits held by Landlord may be retained by Landlord without offset of arrears, without Kenrock and Rockwood being required to replenish the same. Notwithstanding the foregoing, if Kenrock and/or Rockwood default under the terms of this Agreement, Landlord may apply the security on deposit to the Kenrock Arrears and/or the Rockwood Arrears.

9.    **Real Estate Broker**:    Kenrock and Rockwood represent to Landlord that
no broker or other person had any part or was instrumental in any way in bringing about
this Agreement. Kenrock and Rockwood jointly agree to indemnify and hold Landlord
harmless from and against any claims made by any other broker or other person seeking
a brokerage commission, finder's fee or similar compensation by reason of, or in
connection with, this Agreement and any loss liability cost and expense (including
reasonable attorney's fees) paid or incurred by Landlord in connection therewith if the
same shall arise by, through or on account of any act of Kenrock or Rockwood's or their
agents, employees or representatives.

10.    **Execution**:    This Agreement may be executed in counterparts, each of
which shall constitute an original and all of which, when taken together, shall constitute
one and the same instrument. Facsimile, PDF and/or e-mail signatures shall be deemed
originals and shall have the same force and effect as an original.

11.    **Lease Remains in Full Force and Effect**: Except as modified by this
Agreement, all of the terms and conditions, agreements, covenants, representations,
warranties and indemnities contained in the Lease remain in full force and effect. In the
event of any conflict between the terms and conditions of this Agreement and the terms
and conditions of the Lease, the terms and conditions of this Agreement shall prevail.

12.    **Ratification of Guaranty**: Landlord's entry into this Agreement is
conditioned upon Kenrock and Rockwood obtaining the ratification of the guaranties
entered into by Ken Rockwood, in the form annexed hereto at *Exhibit "F"* simultaneously
with the execution of this Agreement.

13.    **Kenrock Certification**. Kenrock certifies the following as of the date of this
Agreement:

(a)    Kenrock is in possession of the Kenrock Premises.

(b)    Kenrock has not assigned the Kenrock Lease or subleased all or any portion
of the Kenrock Premises;

(c)    To the best of Kenrock's knowledge, Kenrock has no outstanding claim,
charge, defense, right to setoff, lien, abatement or counterclaim against Landlord in
respect of payment of Fixed Rent or Additional Rent or otherwise under the Kenrock
Lease.

(d)    To the best of Kenrock's knowledge, there are no non-monetary defaults
under the Kenrock Lease which remain ongoing after the applicable notice and cure
provisions have expired under the Kenrock Lease on the part of Landlord and no event

has occurred which, with the passage of time or the giving of notice, or both, would constitute such a default.

(b)    All work, if any, required to be performed by Landlord under the Kenrock Lease has been performed in full, and the Premises are entirely satisfactory and suitable for Kenrock's purposes.

14.    **Rockwood Certification**.  Rockwood certifies the following as of the date of this Agreement:

(a)    Rockwood is in possession of the Rockwood Premises.

(b)    Rockwood has not assigned the Rockwood Lease or subleased all or any portion of the Rockwood Premises;

(c)    To the best of Rockwood's knowledge, Rockwood has no outstanding claim, charge, defense, right to setoff, lien, abatement or counterclaim against Landlord in respect of payment of Fixed Rent or Additional Rent or otherwise under the Rockwood Lease.

(d)    To the best of Rockwood's knowledge, there are no non-monetary defaults under the Rockwood Lease which remain ongoing after the applicable notice and cure provisions have expired under the Rockwood Lease on the part of Landlord and no event has occurred which, with the passage of time or the giving of notice, or both, would constitute such a default.

(c)    All work, if any, required to be performed by Landlord under the Rockwood Lease has been performed in full, and the Premises are entirely satisfactory and suitable for Rockwood's purposes.

15.    **Binding Obligation**.  This Agreement is subject to Bankruptcy Court approval and once approved, the Bankruptcy Court shall constitute a legal, valid and binding obligation of Rockwood, Kenrock and Landlord, enforceable against Rockwood and Kenwood and Landlord in accordance with its terms.

16.    **Miscellaneous:**

(a)    This Agreement may not be amended, modified or discharged orally or in any other manner except by an agreement in writing duly executed by the party to be charged thereunder.

(b)    Unless the text of this Agreement shall indicate otherwise, the defined terms used herein shall have the same meanings as ascribed to them in the Lease.

(c)    This Agreement is submitted to Tenant on the understanding that it shall not be considered an offer and shall not bind the Landlord in any way until (i) Tenant has satisfied all of the conditions set forth above, (ii) Tenant has duly executed and delivered to Landlord duplicate originals of this Agreement; and (iii) Landlord has duly executed and delivered on of said originals to Tenant; and (iv) entry of a Bankruptcy Court Order approving this Agreement.

(d)    This Agreement shall be binding upon and shall inure to the benefit of the parties hereby and their respective successors and assigns.

(e)    This Agreement shall be governed by and construed in accordance with the laws of the State of New York.

(f)    Rockwood and Kenwood hereby release Landlord from any and all claims it may have from the beginning of the universe to the date hereof.

(g)    <u>Cross-Default:</u> A default by Rockwood under this Agreement shall constitute a default by Kenrock; a default by Kenrock under this Agreement shall constitute a default by Rockwood.

**[BALANCE OF PAGE INTENTIONALLY LEFT BLANK]**

IN WITNESS WHEREOF, the parties have executed this Second Omnibus Lease Agreement as of the date and year first above written.

LANDLORD

ALLEN/ORCHARD, LLC

By: _____
Name: Serge Hoyda
Member

TENANT
KENROCK ENTERPRISES, LLC

By: *Kenneth Rockwood*
Name:  Ken Rockwood
Member

TENANT
ROCKWOOD MUSIC CORP.

By: *Kenneth Rockwood*
Name:  Ken Rockwood
Officer

GUARANTOR

*Kenneth Rockwood*
Ken Rockwood

EXHIBIT 1

## SURRENDER NOTICE

Kenrock Enterprises, LLC ("Tenant"), being the tenant of the ground floor stores located at Stores E (f/k/a Store A) and Store E at 190-192 Allen Street, New York, New York (the "Kenrock Premises") hereby declares:

1.    Tenant has vacated the portion of the Kenrock Premises known as Store E (f/k/a Store A) (Surrender Premises") on June    , 2023 and hereby voluntarily surrenders possession of same to Allen/Orchard LLC ("Landlord").

2.    The Surrender Premises are unoccupied and are free of all other tenants or occupants claiming by, through or under Tenant and to Tenant's actual knowledge, there is no other person and/or entity having any rights to or claim against the Surrender Premises or in possession of the Surrender Premises.

3.    Tenant has either removed all of its personal property or abandoned any property remaining in the Surrender Premises which may be removed and disposed of by Landlord, without liability therefor, at Landlord's sole cost and expense.

4.    The provisions of this Surrender Notice shall be binding upon Tenant's heirs, legal representatives, successors and assigns.

KENROCK ENTERPRISES, LLC

By: *Kenneth Rockwood*

Name:  Ken Rockwood
         Member

State of Texas | County of Brazoria

Sworn to before me this
8th  day of June, 2023

_____
NOTARY PUBLIC

Tyrrell J Cherry
ID NUMBER
132769380
COMMISSION EXPIRES
November 8, 2024

Notarized online using audio-video communication

Exhibit 2A

STIPULATION OF SETTLEMENT - KENROCK

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: PART 52
------------------------------------------------------------------------X

ORCHARD/HOUSTON, LLC,     :  L&T Index No.   /2023

       *Petitioner,*   :

   -against-      :

           :  **STIPULATION OF SETTLEMENT**

KENROCK ENTERPRISES, LLC   :

       *Respondent-Tenant,* :

"ABC CORP" and "XYZ INC",    :

      *Respondents-Undertenants.* :

------------------------------------------------------------------------X

    **IT IS HEREBY STIPULATED AND AGREED,** by and between the parties and their respective attorneys, that this proceeding is settled upon the following terms and conditions:

    1.  Tenant Kenrock Enterprises, LLC ("Tenant") hereby appears by and through its undersigned counsel, consents to the personal jurisdiction of this Court and the service and sufficiency of all predicate notices and pleadings, admits the allegations in the petition and waives all defenses and counterclaims.

    2.  The parties consent and agree that this proceeding shall be converted to a holdover proceeding.

    3.  Tenant represents and warrants that it is the sole occupant of the premises known as Stores E (f/k/a Store A) and Store D at 190-192 Allen Street, New York, New York (the "Premises") and that there are no other persons or entities in possession of the Premises and

it has done nothing to give any person or entity any claim and/or right to possession of the Premises. As such, this proceeding is hereby discontinued without prejudice as to the *Respondents-Undertenants* "ABC Corp" and "XYZ Inc."

4.    Petitioner alleges that $1,645,196.05 is owed in rent and additional rent through April 30, 2023.

5.    In settlement of this matter, Petitioner has agreed to accept $178,750.00 ("Rent Settlement") in settlement of the arrears and waives the remaining balance of arrears in rent and additional rent ($1,466,445.05) (the "Conditionally Waived Arrears") conditioned upon Tenant's compliance with the terms of this Stipulation.

6.    Tenant consents to the issuance of a final judgment for possession in the amount of $178,750.00 as for rent due and owing through April 30, 2023, with the warrant of eviction to issue forthwith and without further notice.

7.    The execution of the warrant of eviction is stayed pending satisfaction of the following conditions:

> a.    Tenant timely pays and delivers to Petitioner rent/use and occupancy in the amount of $17,875.00 per month, as escalated annually on the first of April each year by 3%, as per the terms of the Second Omnibus Lease Amendment being simultaneously executed herewith ("Agreement");
>
> b.    Tenant timely pays and delivers to Petitioner all Additional Rent/Additional Use and Occupancy as it accrues through June 30, 2026;
>
> c.    Tenant pays and delivers to Petitioner the Rent Settlement on or before June 30, 2023 by official bank or certified check or wire;
>
> d.    Within 3 days of bankruptcy court approval of the Agreement, Tenant surrenders that portion of the premises designated as Store A

on the Floor Plan annexed hereto in the condition required by and otherwise pursuant to the Agreement;

e.      If Petitioner is no longer holding $120,000.00 in security deposit and Tenant fails to replenish the $120,000.00 in security on deposit on or before June 30, 2026, following a ten (10) day written notice to Tenant; and

f.      Rockwood Music Corporation[1] complies with the terms of the Amendment, it being understood and agreed that a breach by Rockwood under the terms of the Amendment shall constitute a breach by Tenant, and a breach by Tenant of the Amendment shall constitute a breach by Rockwood.

8.      Tenant further acknowledges and understands that in the event that Tenant fails to comply with any one of the conditions set forth in paragraph 7(a) to (f) above, then Petitioner may move the Court to accelerate the execution of the Warrant of Eviction by motion on eight (8) days' notice e-filed on NYSCEF.

9.      Petitioner may pre-serve the Marshal's notice at any time.

10.     Tenant further acknowledges and understands that in the event that Tenant fails to timely comply with this Stipulation, Tenant shall be immediately liable for the Rent Settlement, and any unpaid rent/use and occupancy or Additional Rent/Additional Use and Occupancy accruing, along with the Conditionally Waived Arrears, and attorneys' fees that have been incurred by Petitioner by reason of Tenant's default under the Agreement or this Stipulation.

11.     Except as set forth in this Stipulation, nothing shall be deemed to permit any

---

[1] Rockwood Music Corporation ("Rockwood") is the tenant of adjoining premises known as Stores B4, B5 and B6 at 196 Allen Street, New York, New York which is real property owned by Petitioner. Rockwood and Kenwood are both owned by Ken Rockwood, who is further the guarantor of the leases entered into by Rockwood and Kenwood.

extension of time to Tenant, unless approved in writing by the Petitioner.

12.    This Court shall retain jurisdiction over this proceeding for all purposes, including, but not limited to, effectuating the terms of this Stipulation and entry of additional relief as provided herein.

13.    This Stipulation shall be deemed to have been drafted by all the parties so that no negative inference shall be drawn against the drafter.

14.    This Stipulation represents the entire agreement between the parties and may not be modified orally.

15.    This Stipulation may be executed in counterparts, each of which shall be an original and all of which, together, shall constitute one agreement.

16.    Electronic and/or facsimile signatures of this Stipulation shall be deemed originals for all purposes.

Dated:  New York, New York
    June  , 2023

**CORNICELLO, TENDLER &**
**BAUMEL-CORNICELLO, LLP**
*Attorneys for Petitioner-Landlord*
29 Broadway, 25th Floor
New York, New York 10006
scornicello@ctbclaw.com

**GOLBERG WEPRIN FINKEL GOLDSTEIN LLP**
*Attorneys for Respondent-Tenant*
125 Park Avenue, 12th Floor
New York, NY 10017
knash@gwfglaw.com

By: _____
   Susan Baumel-Cornicello

By: _____
   Kevin Nash

## Exhibit 2B

## STIPULATION OF SETTLEMENT - ROCKWOOD

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: PART 52

-------------------------------------------------------------X

ORCHARD/HOUSTON, LLC,                                  :          L&T Index No.
                                                        :          /2023
                        *Petitioner*                    :
                                                        :
        -against-                                       :
                                                        :
ROCKWOOD MUSIC CORP,                                    :          **STIPULATION OF**
                                                        :          **SETTLEMENT**
                                                        :
*Respondent-Tenant,*                                    :
                                                        :
"ABC CORP" and "XYZ INC",                               :
                                                        :
                        *Respondents-*                  :
*Undertenants.*
-------------------------------------------------------------X

**IT IS HEREBY STIPULATED AND AGREED,** by and between the
parties and their respective attorneys, that this proceeding is settled upon the following
terms and conditions:

1.  Tenant Rockwood Music Corp. ("Tenant") hereby appears by and through its
undersigned counsel, consents to the personal jurisdiction of this Court and the service
and sufficiency of all predicate notices and pleadings, admits the allegations in the
petition and waives all defenses and counterclaims.

2.  The parties consent and agree that this proceeding shall be converted to a
holdover proceeding.

3.  Tenant represents and warrants that it is the sole occupant of the premises

known as 196 Allen Street, Stores B4, B5 and B6, and portion of the cellar beneath Stores B4, B5 and B6, New York, New York (the "Rockwood Premises") and that there are no other persons or entities in possession of the Rockwood Premises and it has done nothing to give any person or entity any claim and/or right to possession of the Premises. As such, this proceeding is hereby discontinued without prejudice as to the *Respondents-Undertenants* "ABC Corp" and "XYZ Inc."

4.     Petitioner alleges that $793,972.02 is owed in rent and additional rent through April 30, 2023.

5.     In settlement of this matter, Petitioner has agreed to accept $96,250.00 ("Rent Settlement") in settlement of the arrears and waives the remaining balance of arrears in rent and additional rent ($697,722.02) (the "Conditionally Waived Arrears") conditioned upon Tenant's compliance with the terms of this Stipulation.

6.     The Tenant consents to the issuance of a final judgment for possession in the amount of $96,250.00 as for rent due and owing through April 30, 2023, with a warrant of eviction to issue forthwith and without further notice.

7.     The execution of the warrant of eviction is stayed pending satisfaction of the following conditions:

a.     Tenant timely pays and delivers to Petitioner rent/use and occupancy in the amount of $9,625.00 per month, as escalated annually on the first of April each year by 3%, as per the terms of the Second Omnibus Lease Amendment being simultaneously executed herewith ("Agreement");

b.     Tenant timely pays and delivers to Petitioner all Additional Rent/Additional Use and Occupancy as it accrues through June 30, 2026;

c.      Tenant pays and delivers to Petitioner the Rent Settlement on
or before June 30, 2023, by official bank check, certified check or wire;

d.      Within 3 days of bankruptcy court approval of the Agreement,
Kenrock Enterprises, LLC (not a party to this Stipulation, but under
common ownership with Tenant) ("Kenrock"), surrenders to
Petitioner that portion of the premises occupied by Kenrock
designated as Store A on the Floor Plan annexed hereto in the
condition required by pursuant to the Agreement;

e.      If Petitioner is no longer holding $22,000.00 in security on
deposit and Tenant fails to replenish the security on or before June 30,
2026 following a ten (10) day written notice to Tenant; and

f.      Kenrock complies with the terms of the Agreement, it being
understood and agreed that a breach by Kenrock of the Amendment
shall constitute a breach by Tenant, and that a breach by Tenant of the
Amendment shall constitute a breach by Kenrock.

8.      Tenant further acknowledges and understands that in the event that
Tenant fails to comply with any one of the conditions set forth in paragraph 7(a) to (f)
above, Landlord may move the Court to accelerate the execution of the Warrant of
Eviction by motion on eight (8) days' notice e-filed on NYSCEF.

9.      Petitioner may pre-serve the Marshal's notice at any time.

10.     Tenant further acknowledges and understands that in the event that
Tenant fails to timely comply with this Stipulation, Tenant shall be immediately liable
for the Rent Settlement, and any unpaid rent or Additional Rent accruing, along with the
Conditionally Waived Arrears, and attorneys' fees that have been incurred by Landlord
by reason of Tenant's default in the payment of rent and Additional Rent.

11.     Except as set forth in this Stipulation, nothing shall be deemed to permit

any extension of time to Tenant, unless approved in writing by the Landlord.

12.    This Court shall retain jurisdiction over this proceeding for all purposes, including, but not limited to, effectuating the terms of this Stipulation and entry of additional relief as provided herein.

13.    This Stipulation shall be deemed to have been drafted by all the parties so that no negative inference shall be drawn against the drafter.

14.    This Stipulation represents the entire agreement between the parties and may not be modified orally.

15.    This Stipulation may be executed in counterparts, each of which shall be an original and all of which, together, shall constitute one agreement.

16.    Electronic and/or facsimile signatures of this Stipulation shall be deemed originals for all purposes.

Dated: New York, New York
       June    , 2023

CORNICELLO, TENDLER &              GOLBERG WEPRIN FINKEL GOLDSTEIN LLP
BAUMEL-CORNICELLO, LLP             *Attorneys for Respondent-Tenant*
*Attorneys for Petitioner-Landlord*   125 Park Avenue, 12th Floor
29 Broadway, 25th Floor            New York, NY  10017
New York, New York 10006           knash@gwfglaw.com
scornicello@ctbclaw.com


By: _____        By: _____
      Susan Baumel-Cornicello              Kevin Nash

Z:\WP\151810-17\Stipulation of Settlement.6.9.23.6

EXHIBIT 3

## AFFIDAVIT OF CONFESSION OF JUDGMENT

STATE OF NEW YORK               )
                                           ) ss.:
COUNTY OF NEW YORK         )

Ken Rockwood, being duly sworn, deposes and says the following:

1.          I am a principal, owner, and officer of Kenrock Enterprises, LLC ("Kenrock"), a limited liability company with its principal place of business at 190-192 Allen Street, New York, New York ("Kenrock Premises"). I am also a principal, owner, and officer of Rockwood Music Corporation ("Rockwood"), a domestic corporation with its principal place of business at 196 Allen Street, New York New York ("Rockwood Premises")

2.          As set forth in the Second Omnibus Lease Amendment dated May , 2023, being simultaneously executed herein ("Agreement"), I am the guarantor of the Kenrock's and Rockwood's obligations under the leases entered into for the Kenrock and Rockwood Premises.

3.          I maintain a residential address at             in      the County of New York, within the State of New York at the time that this Affidavit of Confession of Judgment is executed.

4.          I hereby confess judgment, individually and personally, and authorize entry of judgment in favor of Landlord in the Supreme Court of the State of New York, County of New York, against me in the sum of $302,500.00, plus reasonable

attorneys' fees, plus costs, expenses and disbursements. Such amount shall be set forth in an affidavit to be executed by Plaintiff, which shall be attached hereto at the time of entry of this Confession of Judgment.

5.        This Confession of Judgment is to secure a debt justly due to Landlord arising from Kenrock's and Rockwood's failure to pay to Landlord the sum of $275,000.00 due on or before June 30, 2023 and rent for July 2023 in the amount of $27,500.00, and/or their failure to pay Fixed Rent and/or Additional Rent for the period April 1, 2023 through June 30, 2026, as set forth in the Second Omnibus Lease Amendment ("Agreement") being executed simultaneously herewith , and Stipulations of Settlement also being executed simultaneously herewith ("Stipulations"), to which this Confession of Judgment is annexed.

6.        Kenrock and Rockwood are liable to Landlord for the said obligations set forth in the Agreement and Stipulations, and I personally agreed to guaranty said obligations.

7.        I understand that Landlord has agreed not to enter the Judgment of Confession until and unless any default by Kenrock and/or Rockwood under the Agreeement or Stipulations and that, upon such default, Landlord will file this Affidavit of Confession of Judgment along with a Judgment of Confession with the Court or the Clerk of the Court of the County of New York, adjudicating that I personally owe Landlord the sum of $302,500.00 as set forth in the Agreement and Stipulations.

8.        I am represented by counsel when I entered into the Agreement

and Stipulation and did so voluntarily and knowingly.

9.    I acknowledge the amounts due to Landlord are for rents and additional rents unpaid which amount to in excess of $2,000,000.00.

10.    I agree that the execution and delivery of this Affidavit of Confession of Judgment and any entry of judgment thereon shall be without prejudice to any and all rights of Landlord, who reserves all of its rights and remedies against us and against Tenant.

11.    If for any reason entry of judgment in the above specified amount or execution on the same is outside the jurisdiction of this Court, we hereby consent to the person jurisdiction, entry of judgment, and execution thereon in any State or Federal Court of the United States of America.

12.    This Confession of Judgment must be presented to the Court or the Clerk of the Court of the County of New York within ten (10) years of the date which it is signed, or this Confession of Judgment shall be null and void and of no force and effect.

13.    The signatory herein represents that he is a party to the Stipulations and Amendment and affirmatively confesses to the judgment.

_Kenneth Rockwood_

Ken Rockwood

State of Texas | County of Brazoria

Sworn before me on this the
__8th__ day of June, 2023

Notary Public

Notarized online using audio-video communication

EXHIBIT 4
REAFFIRMATION OF GUARANTY OF LEASE

June    , 2023

ALLEN/ORCHARD LLC
c/o S&H Equities
98 Cuttermill Road
Great Neck, New York 11021

Re: Second Omnibus Lease Amendment ("Agreement") amending the lease to Stores D and E at 190-192 Allen Street , New York, New York ("Kenrock Premises") dated about June 6, 2008, as amended by lease amendment dated October 10, 2011, as thereafter amended by second lease amendment dated June 2016, and subsequently further amended by lease amendment dated May 1, 2021 ("Omnibus Amendment") (hereinafter, the Initial Kenrock Lease, the First Kenrock Amendment, the Second Kenrock Amendment, and the Omnibus Amendment shall collectively be referred to as the "Kenrock Lease"); and

Agreement amending the lease to Stores B4, B5 and B6 at 196 Allen Street, New York, New York ("Rockwood Premises") dated about December 2005, as amended by lease amendment dated June 6, 2008, as thereafter amended by second lease amendment dated October 17, 2011, and subsequently further amended by the Omnibus Amendment) (hereinafter, the Initial Rockwood Lease, the June 6, 2008 and October 17, 2011 amendments and the Omnibus Amendment shall collectively be referred to as the "Rockwood Lease").

Gentlemen:

In consideration of Allen/Orchard, LLC agreeing to enter into this Agreement, the undersigned hereby reaffirms and ratifies all of the Obligations, terms, conditions, representations, warranties, covenants and agreements contained in the Guaranty Agreement annexed to the Kenrock Lease and the Rockwood Lease (the "Guarantees") made by Ken Rockwood (hereinafter referred to as the "Guarantor") to Allen/Orchard, LLC, dated June 6, 2008 and December 2005, respectively; and certifies


Owner
Tenant
Made    , 2023

that there are no defenses, offsets or counterclaims thereto as of the date hereof; expressly acknowledges that its Obligations under the Guarantees are continuing and not diminished or reduced by the Amendment; agrees that the Guarantees shall remain in full force and effect, enforceable against the Guarantor in accordance with their terms.

Dated: New York, New York
        June 8 , 2023

_Kenneth Rockwood_
Ken Rockwood

## UNIFORM ACKNOWLEDGEMENTS

STATE OF ~~NEW YORK~~ Texas ) )
COUNTY OF ~~NEW YORK~~ Brazoria ) ss:

On the 8th day of June, 2023, before me, the undersigned, a Notary Public in and for said State, personally appeared Ken Rockwood, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

Tyrrell J Cherry
ID NUMBER
132749390
COMMISSION EXPIRES
November 9, 2024

NOTARY PUBLIC
Notarized online using audio-video communication

td@z:\wp\151810-17\Second OmnibusAmendment.6.1.23.5